**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CEDRIC BROOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 24 C 13257** |
| v. | ) | |
| | ) | **Magistrate Judge** |
| **ELGIN DIE MOLD COMPANY,** | ) | **Daniel P. McLaughlin** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This employment discrimination case is before the Court on Defendant Elgin Die Mold Company's motion to dismiss [20]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to Local Rule 73.1. For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

Plaintiff alleges that he was hired by a staffing agency to work for Defendant and began working there on October 30, 2024. (First Amended Complaint[1] ("FAC") ¶ 11.) According to Plaintiff, on November 1, 2024, "a trainer, Juan Alvarado . . . approached Plaintiff and acted as though he was going to touch or grab Plaintiff's penis, causing Plaintiff to jump back" but "Mr. Alvarado did not actually make contact." (*Id.* at ¶¶ 15-16.) Plaintiff asserts that he "immediately and forcefully

---

[1] Plaintiff's original complaint was filed on December 27, 2024. Defendant moved to dismiss and the Court gave Plaintiff the option of either responding to the motion or filing an amended complaint. Plaintiff filed an amended complaint on March 14, 2025 and Defendant thereafter filed its instant motion to dismiss.

objected, making it clear to Mr. Alvarado that his behavior was inappropriate, unwelcome, and humiliating." (*Id.* at ¶ 18.) Plaintiff alleges that he "reported the incident to the staffing agency that same day" and "reported [the incident] to Human Resources." (*Id.* at ¶¶ 22, 43, 52-53.) Plaintiff maintains that on November 4, 2024, "the staffing agency informed Plaintiff that he was no longer allowed to work based on a conversation they had with Defendant." (*Id.* at ¶ 25.) According to Plaintiff, he "went to the staffing agency in person to file an official complaint in writing" on November 8, 2024 and thereafter "Plaintiff was informed that Defendant did not want Plaintiff to return to the workplace and Plaintiff had been terminated from that job." (*Id.* at ¶¶ 28, 30.) Based on these events, Plaintiff has asserted causes of action for sexual harassment (Count I), sex-based discrimination (Count II), and retaliation (Count III). Each claim will be addressed below in turn.

## DISCUSSION

### I.    LEGAL STANDARD

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only contain factual allegations that, accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the pleading stage, the Court must "accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). But "allegations in the form of legal conclusions are insufficient." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

## II.     SEXUAL HARASSMENT

In advancing his sexual harassment claim, Plaintiff asserts that he was "subjected to a hostile work environment on the basis of sex, violating Title VII." (FAC ¶ 12.) To state a claim for discrimination based on a hostile work environment, a plaintiff must show that "(1) they were subject to unwelcome harassment; (2) the harassment was based on their [membership in a protected category]; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability." *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018) (citation omitted).

3

In this case, the Court finds that Plaintiff fails on the third prong. As set forth above, Plaintiff has alleged a single incident of harassment. Specifically, Plaintiff has alleged that on one occasion a trainer acted as though he was going to (but did not) grab Plaintiff's penis. (FAC ¶¶ 15-16.) While this alleged behavior is certainly troubling, the sole occurrence – during which physical contact admittedly was not actually made – is not sufficiently severe or pervasive to establish a hostile work environment claim. Indeed, as Defendant points out, courts regularly find arguably worse behavior (involving actual physical contact) to be insufficient. *See, e.g., McPherson v. City of Waukegan,* 379 F.3d 430, 434, 439 (7th Cir.2004) (fact of supervisor pulling back plaintiff's shirt to see the type of bra she was wearing failed to establish hostile environment); *Hilt–Dyson v. City of Chicago,* 282 F.3d 456, 459, 463-64 (7th Cir.2002) (supervisor's rubbing of back and shoulders, which ceased after plaintiff complained, failed to establish hostile environment); *Adusumilli v. City of Chicago,* 164 F.3d 353, 361-62 (7th Cir.1998) (four incidents in which a co-worker touched plaintiff's arm, fingers, or buttocks failed to establish hostile environment); *see also Durkin v. City of Chicago*, 199 F. Supp. 2d 836, 850-51 (N.D. Ill. 2002) (deeming single incident not physical or threatening, and therefore not severe, where defendant exposed himself to plaintiff after exiting their shared vehicle).[2] Accordingly, Defendant's motion to dismiss is granted as to Plaintiff's sexual harassment claim.

---

[2] In responding to Defendant's motion to dismiss, Plaintiff has not made any attempt to distinguish the case law provided by Defendant.

## III.    SEX DISCRIMINATION

In advancing his sex discrimination claim, Plaintiff alleges in a conclusory fashion that "Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex." (FAC ¶ 68; *see also id.* at ¶ 46.) Plaintiff's operative complaint does not contain any factually specific allegations to plausibly support his assertion that he was terminated on account of his sex, and his conclusory allegations are insufficient. In other words, Plaintiff fails to point to any facts indicating that he was terminated or discriminated against because of his sex. *See Etheridge v. Hudson Grp. Retail, LLC*, No. 20-CV-7204, 2022 WL 375556, at *9 (N.D. Ill. Feb. 8, 2022) ("Although a complaint need not give detailed factual allegations, it must allege enough facts to raise a right to relief above the speculative level. All in all, Etheridge's termination claim rests on nothing more than conclusory allegations of sex discrimination. He offers speculation, and nothing more.") (citations and internal quotations omitted); *Porod v. Town of Cicero*, No. 18 C 1591, 2019 WL 587410, at *3 (N.D. Ill. Feb. 13, 2019) ("The Town correctly notes that Rosemarie appears to largely utilize boilerplate language and allege vague, conclusory statements when it comes to the alleged age and sex discrimination claims. . . . Rosemarie's allegations are far too speculative and fail to satisfy even the minimal pleading standards prescribed to employment discrimination claims."). Accordingly, Defendant's motion to dismiss is granted as to Plaintiff's sex discrimination claim.

## IV.    RETALIATION

As set forth above, Plaintiff was allegedly terminated soon after reporting the incident involving Mr. Alvarado. In advancing his retaliation claim, Plaintiff alleges that he "was retaliated against, and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights." (FAC ¶ 47.) According to Plaintiff, "[t]he timing of the termination can only be due to Plaintiff's complaint making Plaintiff's termination retaliatory for Plaintiff engaging in protected activity." (*Id.* at ¶ 32.) Along those lines, Plaintiff alleges that "Defendant's decision to terminate Plaintiff came almost immediately after he engaged in protected activity, making the link between his complaint and termination undeniable." (*Id.* at ¶ 33.)

To succeed on a Title VII retaliation claim, a plaintiff must show that (1) he engaged in activity protected under Title VII; (2) he suffered an adverse employment action; and (3) his protected activity and the adverse action were causally connected. *Runkel v. City of Springfield*, 51 F.4th 736, 746 (7th Cir. 2022). As for the third prong, a plaintiff may rely on either direct or circumstantial evidence to establish causality. *Massey v. Johnson,* 457 F.3d 711, 717 (7th Cir. 2006). A court may infer causality from the suspicious timing of allegedly retaliatory actions. *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012). However, "for the court to draw such an inference, a plaintiff must demonstrate that the retaliatory action came 'close on the heels of the protected expression' and that the person who imposed the adverse action *knew of that protected expression.*"

6

*Wheeler v. Piazza*, 364 F. Supp. 3d 870, 879 (N.D. Ill. 2019) (emphasis added,

citations omitted). "It is not sufficient that [an employer] could or even should have

known about [an employee's] complaint; [the employer] must have had actual

knowledge of the complaints for [its] decisions to be retaliatory." *Tomanovich v. City*

*of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006) (citation omitted).

In this case, Plaintiff alleges that he "reported the sexual harassment to HR

and the staffing agency." (FAC ¶ 53.) Crucially, despite having an opportunity to

amend, Plaintiff has not alleged that he reported the alleged incident to anyone

associated with Defendant or that Defendant was otherwise aware of Plaintiff's

complaints.[3] That deficiency is fatal to Plaintiff's retaliation claim. *See Tarpley v.*

*City Colleges of Chicago*, 87 F. Supp. 3d 908, 913–14 (N.D. Ill. 2015) ("Although

filling out this intake form qualifies as protected activity, Tarpley's allegations are

not sufficient to support a Title VII retaliation claim where she has not alleged that

City Colleges was aware of the fact that she completed the intake form in which she

complained of sex and race discrimination and retaliation."); *Owens v. Enable*

*Holdings*, No. 11 C 1703, 2012 WL 3638028, at *3 (N.D. Ill. Aug. 22, 2012)

(dismissing retaliation claim where plaintiff failed to allege that defendant was

aware of complaints). At most, Plaintiff speculates that "[t]he staffing agency could

---

[3] As noted above, Plaintiff's First Amended Complaint contains vague references to "Human
Resources." However, tellingly, Plaintiff does not allege that he reported the incident to
*Elgin Die Mold Company's* human resources department. If that were in fact true, Plaintiff
was obligated to say so in his amended complaint in order to support his retaliation claim.
Additionally, Plaintiff had another opportunity to make such a clarification in responding
to the instant motion to dismiss. However, Plaintiff makes no mention of Human Resources
in his response brief.

have informed Defendant of the incident." (FAC ¶ 24.) That speculation is not adequate to support Plaintiff's retaliation claim. *See Clark v. SMG Corp.*, No. 16-CV-07985, 2018 WL 4699763, at *4 (N.D. Ill. Sept. 30, 2018) ("It is unclear from [plaintiff's] allegations what her internal complaints entailed and whether anyone who engaged in the retaliatory conduct even knew about them. As a result, Clark's retaliations claims must be dismissed."). Accordingly, Defendant's motion to dismiss is granted as to Plaintiff's retaliation claim.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss [20] is granted and Plaintiff's claims are dismissed with prejudice. "Dismissal with prejudice is proper where, as here, the plaintiff has already had the opportunity to amend the complaint following an earlier motion to dismiss." *Smith v. Lutheran Life Ministries*, No. 21 C 2066, 2023 WL 2266144, at *7 n.4 (N.D. Ill. Feb. 28, 2023) (citation omitted); *see also Sonrai Sys., LLC v. Waste Connections, Inc.*, 658 F. Supp. 3d 604, 613 (N.D. Ill. 2023) ("In light of the prior opportunity to amend, and because Plaintiff failed to identify any viable tort in response to Defendant's motion to dismiss, the dismissal is with prejudice."). Further, dismissal with prejudice is appropriate here because Plaintiff "does not request leave to further amend or suggest how another amendment might cure the defects identified by the present

motion[] to dismiss." *Szplett v. Kenco Logistic Servs., LLC*, No. 19 C 2500, 2020 WL 1939388, at *7 (N.D. Ill. Apr. 22, 2020).

**SO ORDERED.**                                      **ENTERED:**


**DATE:**    May 8, 2025          _____
                                **HON. DANIEL P. McLAUGHLIN**
                                **United States Magistrate Judge**

9